THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MALIBU MEDIA, LLC<br><br>v.<br><br>JOHN DOE | Case No. 8:14-cv-00649-RWT |

### DEFENDANT'S MOTION TO SET ASIDE DEFAULT

Defendant John Doe ("Defendant" or "Doe"), by and through undersigned counsel, hereby respectfully requests that this Court set aside any default.

### I. FACTUAL BACKGROUND

Plaintiff Malibu Media, LLC ("Plaintiff") filed a Complaint against Defendant on March 6, 2014. On June 25, 2015, Plaintiff filed an Amended Complaint against Defendant. The parties had been engaged in continued pursuance of good faith settlement negotiations, but were ultimately unable to reach a settlement agreement. Plaintiff filed a Motion for Default on November 9, 2015. This motion follows.

### II. ARGUMENT

Pursuant to Fed. R. Civ. P. 55(c) a court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). According to the court in *Wainwright's Vacations, LLC v. Pan Am*, 130 F.Supp.2d 712, 717 (D. Md. 2001), the Fourth Circuit has found that "'an extensive line of decisions' has held that [Rule 55(c)] must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.'" (quoting *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987). Additionally, "where default has been entered, but default judgment not yet granted, an even more liberal standard is applied to a motion to set aside the entry of default." *Schartner v. Copeland*, 59 F.R.D. 653, 656 (M.D. Pa. 1973) (citing

generally to Wright and Miller, Federal Practice and Procedure, § 2694). In ruling on a motion to set aside an entry of default, the Fourth Circuit "has directed that district courts should consider (1) whether the moving party has a meritorious defense or counterclaim; (2) the defaulting party's culpability for the default; (3) the prejudice to the non-moving party; and (4) the availability and effectiveness of sanctions less drastic." *Bank of Southside Va. v. Host & Cook, LLC*, 239 F.R.D. 441, 445 (E.D. Va. 2007); *see Payne v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006). "Relief from a judgment of default should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and enters a meritorious defense."[1] *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982); *see Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967) ("reasonable promptness"). Further, "whether a party has taken 'reasonably prompt' action…must be gauged in light of the facts and circumstances of each occasion…" *Moradi*, 673 F.2d at 727.

### A. Defendant Has a Meritorious Defense

Pursuant to the factors elucidated in *Bank of Southside Va.*, a moving party's having a meritorious defense in the underlying case weighs in favor of setting aside a default against him. Defendant's defense against the allegations in Plaintiff's Amended Complaint is that various third parties are responsible for any potential infringement. Defendant had no knowledge that any infringement was ongoing. This factor is favorable to Defendant's Motion to Set Aside Default.

### B. Defendant Has Little Culpability for Default

According to the factors in *Bank of Southside Va.*, a defaulting party's having little

---

[1] "All that is necessary to establish the existence of a "meritorious defense" is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *Moradi*, 673 F.2d at 727.

culpability for the default weighs in favor of setting aside a default against him. *See Bank of Southside Va.*, 239 F.R.D. at 445. Prior to Plaintiff's filing of the motions for default, the parties had been engaged in settlement negotiations that were ultimately unsuccessful. Therefore, Defendant has little – equal, at best – culpability for default, as Defendant refrained from submitting an Answer to Plaintiff's Complaint until it could be determined whether a settlement was plausible. These factors are favorable to Defendant's Motion to Set Aside Default.

### C. Plaintiff Faces Little Prejudice in Dismissal of Default

According to *Bank of Southside Va.*, little prejudice to the non-moving party should the default be dismissed weighs in favor of setting aside a default against the moving party. *See id*. Upon information and belief, Plaintiff will face little prejudice should the court set aside Defendant's default. This factor is favorable to Defendant's Motion to Set Aside Default.

### D. Defendant Acted With Reasonable Diligence and Promptness In Seeking To Set Aside Default

Courts in the Fourth Circuit have placed great emphasis on a defaulting party's diligence and promptness in seeking to set aside default when deciding whether to indeed set aside the default. *See id.*; *see also Moradi*, 673 F.2d at 727; *Consolidated Masonry & Fireproofing, Inc.*, 383 F.2d at 251. Defendant was both diligent and prompt in filing this Motion to Set Aside Default. Only one week has passed since Plaintiff filed its Motion for Default. During that time, Defendant was considering his options and determining the best course of action in consideration of Defendants' limited finances. This final factor is therefore also favorable to Defendant's Motion to Set Aside Default.

### E. Proposed Answer is Attached

Defendant has attached his Answer herein, and asks that it serve as the operative pleading

in this matter.

### III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that any Default be vacated and that Defendant be granted the opportunity to rely upon his proposed Answer, attached herero, as his responsive pleading.


Respectfully submitted,

_____
Eric J. Menhart
Lexero Law
316 F Street NE, Suite 101
Washington, DC 20002
Phone: (855) 453-9376 x.101
Fax: (855) 453-9376

### CERTIFICATE OF SERVICE

I hereby certify that on the date of this filing, a copy of the foregoing was served on Plaintiff's counsel via the Court's ECF system.

_____
Eric J. Menhart