IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MALIBU MEDIA, LLC<br><br>v.<br><br>JOHN DOE | Case No. 8:14-cv-00649-RWT |

## [PROPOSED] ANSWER

Defendant John Doe ("Defendant" or "Doe"), by and through undersigned counsel, hereby answers Plaintiff's Amended Complaint. In response to the numbered paragraphs and sentences of the Amended Complaint, Defendant admits, denies, or otherwise responds as follows:

## Introduction

1. The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

2. Denied.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

## Jurisdiction and Venue

4. The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

7. Defendant admits that he is a natural person residing in the District, but otherwise denies the statements concerning Defendant's conduct.

## Parties

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

9. Admitted.

## Factual Background

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

24. Denied.

25. Denied.

26. Admitted.

27. Denied that Defendant or his father is the infringer.

28. Denied in regard to any implication that Defendant is an infringer. In regard to the rest of the allegation, Defendant is without knowledge or information sufficient to forth a belief as to their truth.

29. Denied.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

31. Denied as to the allegation that the subject IP address infringed Plaintiff's works.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

33. Denied.

## Miscellaneous

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

## Count I

36. Denied.

37.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

38.  Denied.

39.  Denied.

40.  Denied.

41.  Denied.

## Affirmative Defenses

### First Affirmative Defense – Failure to State a Claim

Plaintiff's Complaint fails to state a claim upon which relief can be granted

### Second Affirmative Defense – Fair Use

Defendant's use of the work in question, if it occurred at all, was a legally protected fair use of the allegedly infringed work.

### Third Affirmative Defense – Invalid Copyright

Plaintiff's copyrights are invalid and/or unenforceable.

### Fourth Affirmative Defense – Implied License

Plaintiff authorized, impliedly or explicitly, Defendant's allegedly infringing use of its works, and its claims are therefore barred by the doctrine of implied license.

### Fifth Affirmative Defense – Misuse of Copyright

Plaintiff's claims are barred by the doctrine of misuse of copyright.

### Sixth Affirmative Defense – Abandonment

Plaintiff's claims are barred as a result of Plaintiff's abandonment of its intellectual property.

### Seventh Affirmative Defense – Good Faith Intent

Plaintiff's claims are barred because Defendant acted in good faith and without any intent to infringe Plaintiff's work.

### Eighth Affirmative Defense – First Sale Doctrine

Plaintiff's claims are barred subject to 17 U.S.C. 109, commonly known as the first sale doctrine, and also regularly referred to as "exhaustion."

### Ninth Affirmative Defense –
### Online Copyright Infringement Liability Limitation Act

Defendant is not liable to Plaintiff pursuant to the "Online Copyright Infringement Liability Limitation Act," as set forth at 17 U.S.C 512.

### Tenth Affirmative Defense – Unclean Hands

Plaintiff should not recover any damages under the doctrine of unclean hands.

WHEREFORE, Defendant prays to the Court as follows:

A. Declare that Defendant has not infringed, in any way, Plaintiff's purported copyrights;

B. Declare that any copyrights at issue held by the Plaintiff are invalid;

C. Declare that Plaintiff granted an implied license for use of any of its works;

D. Declare that any use of Plaintiff's alleged copyrights constitutes fair use;

E. Award Defendant its costs and attorney's fees in respect to this action;

F. Award further relief as the Court deems appropriate.

Respectfully submitted,

_____
Eric J. Menhart
Lexero Law
316 F St. NE, Suite 101
Washington, DC 20002
Phone: 855-453-9376
Fax: 855-453-9376

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was filed electronically filed via ECF and all parties of record were served via that system.

Respectfully submitted,

_____
Eric J. Menhart