**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC,** | * | |
| Plaintiff, | * | CASE NO. 8:14-cv-00649-RWT |
| v. | * | |
| **JOHN DOE subscriber assigned IP address 71.178.189.98,** | * | |
| | * | |
| Defendant. | * | |
| | * | |

**JOINT PROPOSED DISCOVERY PLAN**

Plaintiff, Malibu Media, LLC ("Plaintiff"), and Defendant, John Doe ("Defendant"), conferred on November 18, 2015, in order to establish a plan for discovery on this matter, and hereby propose the following Joint Proposed Discovery Plan:

(A)     Discovery:

The parties currently intend to seek discovery with respect to all allegations contained in the Complaint and any amendments thereto, and in any Answer and Affirmative Defenses filed by Defendants. The parties do not believe that discovery should be conducted in phases. Each deposition should last no more than 7 hours.

**Plaintiff:** In addition to the initial disclosures, Plaintiff intends to take Defendant's deposition, the deposition of persons identified by Defendant in his answers to interrogatories, Defendant's neighbors, and their respective Internet Service Providers.

**Defendant:** Defendant intends to issue interrogatories, document requests, and requests for admission to Plaintiff. Defendant also intends to serve numerous third party subpoenas. Defendant also intends to depose a corporate representative of the

Plaintiff, as well as other knowledgeable individuals within the organization. Defendant has raised numerous affirmative defenses, including misuse of copyright, unclean hands and others. Defendant intends to depose individuals related to the Plaintiff's "business model" of suing numerous alleged copyright infringers. Depositions will be noticed for Keith Lipscomb, and other attorneys working for Plaintiff. Defendant will also be noticing depositions of the Plaintiff's "investigators" and will be seeking substantial discovery related to the distribution of funds between and among the various entities. Such discovery will include, but is not limited to, any and all contracts between the various actors, total revenues derived from the various lawsuits, and similar.

(B)   Electronically Stored Information:

The parties acknowledge that they are required to preserve relevant electronically stored information. The parties agree that their preservation obligations arise independently in law and equity, and do not require the entry of any order preserving documents and things from destruction or alteration.

**Plaintiff**: Plaintiff anticipates that the claims or defenses in this case will involve extensive electronically stored information, and that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

Plaintiff's position is that Defendant must preserve, and must immediately take efforts to prevent the destruction, expiration, deletion, overwriting, concealment, or modification (even if such data would otherwise expire, be deleted or overwritten, concealed, or modified in the normal course of business, including through the termination of user accounts) of Electronically Stored Information ("ESI") reasonably

related to this litigation in Defendant's possession, custody, or control. This includes preservation of all the following:

    Defendant's laptops, desktops, tablets, mobile phones, external storage devices, portable hard drives, external hard drives, Network Attached Storage, USB (thumb) drives, and any other device which can be used to connect to the internet, download media files, or store electronic data (collectively, "Hard Drives"). Defendant can achieve preservation by retaining an expert to create forensically sound images of Defendant's Hard Drives or not engaging in any of the following activities: (1) deleting any data within any of Defendant's Hard Drives; (2) using data shredding, overwriting, or wiping applications; (3) defragmenting any Hard Drives; (4) re-imaging or replacing drives; (5) compressing a Hard Drive; (6) deleting internet cookies; (7) deleting browser history and favorites; (8) running any "disk clean-up" processes; (9) installing and uninstalling software on any Hard Drive; (10) updating an operating system on any Hard Drive; and/or (11) taking any actions inconsistent with Defendant's preservation obligations for electronically stored information or computer Hard Drives;

    b. All contents of any third party cloud storage service such as Amazon Cloud Drive, Apple iCloud, DropBox, Google Drive, MediaFire, Mega, Microsoft SkyDrive, OneDrive, SpiderOak, and Ubuntu One; and

    c. Defendant's modem and router used in his home during the period of recorded infringement.

    d. All emails, notifications, or correspondence from Defendant's Internet Service Provider ("ISP") to Defendant under the ISP's Copyright Alert System ("CAS").

e. All emails, notifications, or correspondence from Defendant's Internet Service Provider to Defendant regarding a DMCA notice.

In discovery, Plaintiff will be requesting complete forensically sound copies of Defendant's Hard Drives, preferably in EnCase E01 format.  If examination of Defendant's Hard Drives reveal evidence of spoliation, Plaintiff's position is that examination should further include the restoration or recovery of deleted files or fragments. Nothing in this plan precludes Plaintiff from an award of costs should it succeed at trial.

Plaintiff will be producing: (a) on PCAP for each copyrighted work infringed; (b) the .torrent files; (c) the computer media files that correlate to each of the .torrent files downloaded and distributed by Defendant; (d) any technical reports for the PCAPs produced; (e) original version of the Infringed Works (control copies); (f) MySQL log file in excel or PDF; and (g) Additional Evidence of Third-Party downloads in excel or PDF.  The PCAPs, .torrent files, computer media files, and technical reports will be produced in their native format and sent to defense counsel on a DVD disk or USB drive. All other documents will be produced in readable form, either in excel (.xls) or PDF form.

Plaintiff suggests the following claw back provision: In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned or destroyed. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return or destroy all copies of the document in their possession, custody, or

control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned or destroyed document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

**Defendant**: Defendant does not agree with Plaintiff's suggested "spoliation" standards, and denies that Plaintiff's suggested standards are consistent with applicable law, which requires a less stringent standard than the standards proposed by Plaintiff.

Defendant does not agree to Plaintiff's proposed "claw back" provision. Moreover, Defendant anticipates that Plaintiff will make efforts to redact numerous relevant documents that are not properly protected by privilege, including retainer agreements, attorney billing statements and similar. Defendant anticipates that it will request Plaintiff's privilege log and redactions if reasonable grounds for such challenge exist.

(C)     Limitations on Discovery:

The parties do not anticipate any changes or limitations on the scope of discovery provided in Fed. R. Civ. P. 26(b).

(E)     Proposed limits on the time:

| Event | Deadline |
|---|---|
| Discovery opens | December 2, 2015 |
| Initial disclosures due | January 18, 2016 |
| Deadline for amendment of pleadings, joinder of | January 29, 2016 |

| | |
|---|---|
| parties | |
| Deadline for parties to serve document requests and interrogatories | January 29, 2016 |
| Deadline for serving objections to written discovery | March 4, 2016 |
| Deadline for serving substantive responses to document requests and interrogatories | March 4, 2016 |
| Deadline for raising all discovery disputes with the court | April 8, 2016 |
| Deadline for any proponents of any expert testimony to serve their disclosures and reports pursuant to Federal Rule of Civil Procedure 26(a)(2). | April 29, 2016 |
| Deadline for completion of fact discovery | June 24, 2016 |
| Deadline for proponents of any expert testimony to supplement initial expert reports with additional information obtained during the final period of fact discovery | July 15, 2016 |
| Deadline for requests for admissions | July 15, 2016 |
| Deadline for all parties to serve all rebuttal expert disclosures and reports pursuant to Federal Rule of Civil Procedure 26(a)(2)(D)(ii). | July 29, 2016 |
| Deadline for completion of expert discovery | August 19, 2016 |
| Deadlines for motion for summary judgment or other dispositive motions | September 9, 2016 |
| Pretrial conference | To be determined by the court upon completion of discovery and any |

|  | pending dispositive motions |
|---|---|
| Trial dates | To be determined by the court |

**CONSENT OF COUNSEL FOR DEFENDANTS**

The undersigned counsel for Plaintiff represents to the Court that counsel for Defendants has authorized him to affix their electronic signature to this Joint Scheduling Report.

Dated this _____ day of _____ 2015

BY THE COURT:

_____
**UNITED STATES DISTRICT JUDGE**

APPROVED BY:

By: */s/ Jon A. Hoppe*
John A. Hoppe, Esq.
Maddox, Hoppe, Hoofngale & Hafey, LLC
1401 Mercantile Lane, Ste. 105
Tel: (301) 341-2580
Fax: (301) 341-5727
E-Mail: JHoppe@mhhhlaw.com
*Attorney for Plaintiff, Malibu Media, LLC*

By: */s/ Eric J. Menhart*
Eric J Menhart, Esq.
Lexero Law Firm
316 F St NE, Suite 101
Washington, DC 20002
Tel: (855) 453-9376
Fax: (855) 453-9376
Email: Eric.Menhart@Lexero.com
*Attorney for Defendant*